UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

VICTOR DE LA TORRE )
7715 Klossted Drive )
Fort Washington, Maryland 20744, )
  )
      Plaintiff )
  )
vs. ) C.A. No._____
  )
DIONYSOS IMPORTS, INC. )
11581 Robertson Drive )
Manassas, Virginia 20109 )
  )
  Serve: )
Mark R. Dycio )
10533 Main Street )
Fairfax, Virginia 22030, )
  )
IOANNIS TSAPOS )
11581 Robertson Drive )
Manassas, Virginia 20109, )
  )
      Defendants. )

## COMPLAINT

Plaintiff Victor De La Torre, by counsel, hereby complains and alleges as follows:

### I. NATURE OF CASE

1.  This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., by Victor De La Torre, against Defendants Dionysos Imports, Inc. and Ioannis Tsapos for overtime violations of the FLSA.

### II. JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over the FLSA claims under 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue is proper in this district and in this division by virtue of 28 U.S.C. §1391(b) because, among other reasons, a

substantial part of the events or omissions giving rise to the claims occurred in this district and in this division. Plaintiff has been employed by Defendants in Prince William County, Virginia, in this division.

### III. THE PARTIES

4. Plaintiff Victor De La Torre is a resident of Prince Georges County, Maryland. From in or about 2010 and continuing until on or about August 17, 2017, Plaintiff was been employed by Defendants, working in Prince William County, Virginia. Plaintiff worked as a delivery driver.

5. Defendant Dionysos Imports, Inc. is a corporation, organized under the laws of Virginia, with its principal place of business in Manassas in Prince William County, Virginia. Defendant has regularly conducted business activity in Prince William County, Virginia. Defendant imports and distributes wine, beer, and liquor.

6. Defendant Ioannis Tsapos is the President and Treasurer, and the majority owner and/or a significant owner of Dionysos Imports, Inc. Defendant Tsapos has regularly conducted business activity in Prince William County, Virginia, including through Dionysos Imports, Inc.

### IV. FACTS

7. Defendant Dionysos Imports, Inc. had annual gross volume of sales or business done of $500,000 or more at all times relevant herein.

8. Defendant Dionysos Imports, Inc. was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce at all times relevant herein.

9. Defendants were an enterprise engaged in interstate commerce or in the production of goods for interstate commerce at all times relevant herein.

10. Defendants engaged in interstate commerce by such means as regularly engaging in telephone calls with persons in other states, regularly sending mail to and receiving mail from persons in other states, making business transactions in interstate commerce, and importing goods from foreign countries.

11. Defendants were all employers of Plaintiff for purposes of the FLSA.

12. Plaintiff was jointly employed by Defendants for purposes of the FLSA at all times relevant herein.

13. Defendant Ionnis Tsapos acted directly or indirectly in the interest of Defendant Dionysos Imports, Inc. in relation to Plaintiff for purposes of the FLSA.

14. Defendant Ionnis Tsapos had operational control of significant aspects of the day-to-day functions of Dionysos Imports, Inc., including decisions on the hiring, firing, and compensation of employees, at all times relevant herein.

15. Defendant Ionnis Tsapos exercised control over the work situation at Dionysos Imports, Inc. at all times relevant herein.

16. Defendant Ionnis Tsapos had the power to hire and fire employees, had the power to supervise and/or control employees'

work schedules or conditions of employment, had the power to determine the rate and method of employee compensation, and had authority over maintenance of employment records.

17. Defendant Ionnis Tsapos hired Plaintiff to be an employee of Dionysos Imports, Inc.

18. Plaintiff engaged in commerce across state lines in the course of his employment with Defendants by, without limitation, using goods manufactured in other states, engaging in telephone calls across state lines, and transporting products that were imported into the United States.

19. Plaintiff regularly worked more than 40 hours a week for Defendants.

20. Defendants and/or their agents required and/or suffered or permitted Plaintiff to work overtime hours.

21. Defendants scheduled Plaintiff to work more than 40 hours a week for Defendants.

22. Defendants paid Plaintiff on an hourly basis.

23. Defendants paid Plaintiff $15.25 an hour in 2017, with the compensation being increased from $15.00 an hour at some point during his employment.

24. Defendants paid Plaintiff no more than his base hourly rate, for example $15.25 an hour or $15.00 an hour, for overtime hours worked during his employment with Defendants.

25. Defendants paid Plaintiff on an hourly basis, but did not pay Plaintiff one and one-half times his regular rate of pay for hours worked over 40 during his employment with Defendants.

4

26. Plaintiff drove a 2009 Chevrolet Express light truck and/or van, with a curb weight of about 4,894 to 6,330 pounds, making deliveries within Virginia, for Defendants.

27. Plaintiff rarely, if ever, made deliveries outside of Virginia during his employment with Defendants.

28. In almost all workweeks during his employment with Defendants, Plaintiff drove exclusively in Virginia.

29. In many of those workweeks, Plaintiff worked more than 40 hours a week, but did not receive overtime compensation.

30. Defendants knew that Plaintiff was working more than 40 hours a week without overtime compensation and/or without being paid time and one-half his regular rate of pay for hours worked over 40.

31. Plaintiff worked more than 40 hours a week and did not receive proper overtime compensation in many workweeks during his employment with Defendants.

32. For example, in one or both weeks during the pay period beginning on July 14, 2017 and ending on July 27, 2017, Plaintiff worked more than 40 hours a weeks, but did not receive overtime compensation and/or was not paid time and one-half his regular rate of pay for hours worked over 40.

33. As another example, in one or both weeks during the pay period beginning on June 16, 2017 and ending on June 29, 2017, Plaintiff worked more than 40 hours a weeks, but did not receive overtime compensation and/or was not paid time and one-half his regular rate of pay for hours worked over 40.

34. Defendants knew that it was unlawful to fail to pay overtime compensation to an employee who was paid on an hourly basis and who worked more than 40 hours a week. Alternatively, Defendants acted in reckless disregard of the law in not knowing that such actions were unlawful.

35. Defendants failed to post in the workplace the poster concerning rights under the FLSA required by the U.S. Department of Labor under 29 C.F.R. §516.4.

## V. CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF FLSA OVERTIME REQUIREMENTS

36. The allegations of the preceding paragraphs are here realleged.

37. Defendants did not compensate Plaintiff at the proper rate for all hours that Defendants required and/or "suffered or permitted" Plaintiff to work for Defendants with the actual or constructive knowledge of Defendants.

38. Defendants regularly and willfully required Plaintiff to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

39. Defendants did not pay Plaintiff one and one-half times his FLSA regular rate of pay for all of the hours he worked in excess of 40 in each workweek (i.e., Defendants did not pay overtime compensation required by law for all overtime hours worked).

40. Defendants regularly and willfully violated the FLSA by not compensating Plaintiff at the proper rate for all hours he was

required and/or "suffered or permitted" to work for Defendants and/or for not paying all overtime compensation due to Plaintiff.

41. By reason of the foregoing, Plaintiff has been damaged and is due unpaid compensation (including unpaid overtime compensation), an amount equal to that unpaid compensation as liquidated damages, and reasonable attorneys' fees and expenses, and costs under 29 U.S.C. §216(b).

WHEREFORE, Plaintiff demands judgment against Defendants Dionysos Imports and Ionnis Tsapos, jointly and severally, for unpaid compensation (including unpaid overtime compensation), in an amount to be determined at trial, an amount equal to that unpaid compensation as liquidated damages, interest, reasonable attorneys' fees and expenses, costs, and such other relief as this Court considers proper.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

Respectfully submitted,
Victor De La Torre
By counsel:

/s/ John J. Rigby
John J. Rigby, #20116
McInroy & Rigby, L.L.P.
2200 Clarendon Blvd., Suite 1201
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com


Daniel P. Barrera, #32185
The Barrera Law Firm, PLLC
1737 King Street, Suite 220
Alexandria, Virginia 22314
(703) 955-4007
(703) 663-9200 (fax)
dbarrera@barreralawfirm.com

## CONSENT FOR SUIT UNDER THE FAIR LABOR STANDARDS ACT

I hereby authorize John J. Rigby of McInroy & Rigby, LLP, and Daniel Barrera of the Barrera Law Firm, PLLC to bring suit against Dionysis Imports Inc., Inc. and/or any other appropriate parties under the Fair Labor Standards Act, 29 U.S.C. POI et seq., to recover unpaid minimum wages, overtime wages, and other compensation, as well as liquidated damages, interest, costs, and reasonable attorneys' fees. I ask that reasonable attorneys' fees and costs be awarded to John J. Rigby and Daniel Barrera and any other attorneys who assist in this litigation. I give my attorneys the right to compromise and settle any claim. I authorize the filing of a collective action if my counsel determines that this is appropriate.

Signature: _[signature]_

Name: Victor De La Torre

Address: 7715 Kloisted Dr.
Ft. Washington MD 20744

Date: 8/31/17

CONSENTIMIENTO PARA JUICIO BAJO ACTA DE NORMAS LABORALES JUSTAS

Yo, con la presente autorizo a John Rigby of McInroy & Rigby, LLP, y a Daniel P. Barrera de La Firma de Abogados Barrera, PLLC entablar juicio contra Dionysus Imports Inc., Inc. y/o otras partes apropiadas bajo el Acta de Normas Laborales Justas, (Fair Labor Standards Act, 29 U.S.C. §201 et seq.,) para recobrar salario mínimo no remunerado, horas extras, y otras compensaciones, como indemnizaciones, intereses, costos y honorarios de abogados razonables. Yo pido que honorarios razonables de abogados y gastos les sean otorgados a John J. Rigby y a Daniel P. Barrera y a cualquier otro abogado que asista en esta litigación. Yo doy a mis abogados el derecho a comprometer y resolver cualquier demanda. Yo autorizo la presentación de una acción colectiva si mi abogado determina que es apropiado.

Firma: _[signature]_

Nombre: Victor de l. Torre

Dirección: 7715 Klorsted Dr

Ft. Washington MD 20744

Fecha: 8/31/2017